IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DUSTIN W. NALL #1665337 | § | |
| | § | |
| V. | § | W-22-CA-608-ADA |
| | § | |
| CYNTHIA LOFTON, et al. | § | |

### ORDER

Before the Court is Plaintiff's Complaint (#1). Plaintiff, proceeding pro se, has paid the full filing fee in this case.

Plaintiff is currently confined in the Texas Department of Criminal Justice – Correctional Institutions Division at the Hughes Unit. On June 6, 2022, the Court received Plaintiff's complaint. Plaintiff paid the full filing fee on August 30, 2022. On August 31, 2022, the Court reminded Plaintiff that because he was not proceeding in forma pauperis, it was incumbent upon him to timely serve the defendants in a manner in compliance with Rule 4 of the Federal Rules of Civil Procedure by September 6, 2022. Plaintiff was warned that failure to properly serve Defendants would result in dismissal of his claims.

On September 6, 2022, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to serve. Plaintiff sought an extension of time and the Court granted his request, ordering Plaintiff to serve Defendants by

October 17, 2022. Plaintiff later responded to the show cause order arguing that the deadline should be calculated from the time of his payment of the filing fee and, in the alternative, requesting an additional extension of time to serve Defendants. The Court granted Plaintiff an additional extension of time to serve Defendants by November 18, 2022.

Plaintiff provided documents purporting to prove service on October 7, 2022. However, the information provided by Plaintiff showed that Plaintiff had failed to properly serve the defendants because Plaintiff personally mailed the summonses and complaints, and he mailed them to an entity that is not an authorized agent for service for any of the Defendants.

The Court issued a show cause order reiterating the requirements for proper service and ordering Plaintiff to show cause by November 21, 2022, why his case should not be dismissed. Plaintiff responded to the order on November 3, 2022. He explained that he needed an additional extension of time because he had misinterpreted the service requirements in Rule 4 of the Federal Rules of Civil Procedure and had received improper information on the process from people at the prison and in the law library.

The Court reissued the summons as Plaintiff requested and again granted his request for an extension and ordered him to properly serve Defendants on or before December 12, 2022. Plaintiff was warned that a failure to comply with the Court's order would result in Plaintiff's case being dismissed for want of prosecution. Plaintiff then filed another, duplicative, motion for extension of time. The Court dismissed his request

on November 21, 2022, noting that the Court had already reissued the summons and given Plaintiff the extension he was requesting. The Court also reiterated that Plaintiff had been given a final extension of time to serve Defendants by December 12, 2022. Plaintiff has failed to comply with the Court's order or file any other response.

More than 90 days have passed since the filing of Plaintiff's complaint and the paying of the full filing fee. Indeed, the Court has now given Plaintiff over six months to properly effect service since the time he filed his complaint and has instructed him on how to do so, and yet he has failed to properly serve any named defendants. Plaintiff has not shown cause why this case should not be dismissed for want of prosecution or that good cause exists for Plaintiff's failure to properly and timely serve the defendants. Moreover, the Court has emphasized in previous orders the importance of timely and proper service. Nevertheless, Plaintiff has ignored the guidance of the Court and is now out of time. A party's pro se status and his ignorance of the law do not constitute cause or excuse his failure to effect service in compliance with the Rules of Federal Civil Procedure. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

## CONCLUSION

Plaintiff fails to show good cause for his failure to properly and timely serve the defendants. Accordingly, Plaintiffs' complaint is dismissed.

It is therefore **ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve.

**SIGNED** on December 19, 2022

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE